Citation Nr: 1527843 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 11-17 277 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to special monthly compensation based on the need for regular aid and attendance of another person or being permanently housebound.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Siobhan Brogdon, Counsel


INTRODUCTION

The Veteran served on active duty from December 1950 to December 1953.

This appeal comes before the Department of Veterans Affairs (VA) Board of Veterans Appeals (Board) from an August 2010 rating decision of the VA Regional Office (RO) in Oakland, California that denied entitlement to special monthly compensation based on the need for aid and attendance and/or housebound benefits. In November 2013, the Veteran was scheduled to appear for a videoconference hearing but he failed to report. As such, the appellant's request for a hearing is deemed withdrawn. 38 C.F.R. § 20.702(e) (2014).

In May 2014, the Board denied the claim. The appellant appealed to the United States Court of Appeals for Veterans Claims. In March 2015, the Court granted a joint motion for remand.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran claims entitlement to special monthly compensation based on an alleged need for the regular aid and attendance of another person or being permanently housebound. In this regard, the law provides that this form of special monthly compensation is payable to individuals who are permanently bedridden or are so helpless as a result of service-connected disability as to be in need of the regular aid and attendance of another person under the criteria set forth in 38 C.F.R. § 3.352(a) (2014). 38 U.S.C.A. § 1114(l) (West 2014); 38 C.F.R. § 3.350(b)(3) (2014).

Title 38, Code of Federal Regulations, Section 3.352(a), provides that the following factors will be accorded consideration in determining the need for regular aid and attendance: an inability of a claimant due to service connected disorders alone to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustments of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); an inability of a claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, either physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment.

The appellant is only service connected for two disorders. The first is a depressive reaction, anxiety with psychosomatic features including tension headaches, irritable bowel syndrome, and posttraumatic stress disorder, evaluated as 100 percent disabling. The second disorder is hemorrhoids, evaluated as noncompensable. 

The parties to the joint motion agreed that remand was necessary because the January 2014 VA examiner found that the appellant lived alone in contrast to evidence that "paints a different picture." In this regard, the parties to the joint motion found that a new examination must be undertaken which considers all of the evidence of record.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain all outstanding, pertinent VA and private treatment records since January 2014. All records received should be associated with the claims file. If the AOJ cannot locate all relevant Federal records, it must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any government records would be futile. The AOJ must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claim. The claimant must then be given an opportunity to respond.

2. Thereafter, schedule the Veteran for a VA examination to determine whether he is in need of aid and attendance. The examiner must be afforded access to the appellant's claims folder, a copy of this remand, and Virtual VA. The criteria in the applicable regulations as described above should be used, to include a determination whether DUE TO SERVICE CONNECETED DISORDERS ALONE the Veteran is blind or so nearly blind as to have corrected visual acuity of 5/200 or less in both eyes, or concentric contraction of the visual field to 5 degrees or less; ability to dress or undress himself, or to keep himself ordinarily clean and presentable; in frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid; unable to feed himself through loss of coordination of upper extremities or through extreme weakness; or unable to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis for protection from hazards or dangers to daily environment.

The examiner must also address whether it is at least as likely as not that the Veteran is permanently housebound by reason of disability or disabilities. This requirement is met when the Veteran DUE TO SERVICE CONNECETED DISORDERS ALONE is substantially confined to his dwelling and the immediate premises due to those service connected disorders alone.

The examiner is advised that the appellant is service connected for service connected for a depressive reaction, anxiety with psychosomatic features including tension headaches, irritable bowel syndrome, and posttraumatic stress disorder, evaluated as 100 percent disabling; and for hemorrhoids, evaluated as noncompensable. 

While the examiner must consider all of the evidence of record, the following evidence must be specifically considered:

* An April 2011 social work service records indicating that the appellant "utilized neighbors and friends to assist him with shopping, errands, and other activities of daily living.

* An August 3, 2012, medical record reflected that the appellant reported that he had moved in with his son a month earlier because he could not find appropriate affordable assisted living.
 
* In November 2012, the appellant reported that he was "kicked out" of his son's house where he had been living and "rented a 3 bedroom house."

* In January 2013, he appeared to be still living alone but indicated he wanted to be placed "in an assisted living residence."

* A January 2013 psychologist note that the appellant has difficulty preparing his own meals and was eating poorly.

* In March 2013, the appellant was living alone but noted his inability to live that way because he "forgets things" and needs assistance with activities of daily living. 

* A May 2013 social work service record noting that the appellant reports forgetting whether he has taken his medications.

* In July 2013, the appellant's home health aide indicated concerns over the appellant's shortness of breath and forgetting to take medication and therefore felt that the appellant needed more hours of care. 

* An October 2013 VA treatment record, documenting that Appellant requires the assistance of a home health aide at least three times per week.

In addressing the questions posed above, and in considering the evidence of record the examiner is reminded that only the impact of the appellant's service connected psychiatric disorder, and hemorrhoids may be considered in determining whether he is entitled to special monthly compensation. The appellant's age and ALL nonservice connected disorders may not be considered. A complete and fully reasoned rationale must be provided for any opinion offered.

3. After the above development has been completed, the AMC/RO must readjudicate the claim of entitlement to special monthly pension based on aid and attendance and housebound status. If the benefit sought on appeal remains denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).